IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ATCO MANUFACTURING COMPANY, )
          Plaintiff    )
          v.    )    No. 3:07-cv-028
SHARE CORPORATION and )
MARY LOU CALDWELL,
          )
          Defendants
          )

## **MEMORANDUM OPINION**

This is a diversity action brought by plaintiff ATCO Manufacturing Company against its former employee, defendant Mary Lou Caldwell, and her present employer, defendant Share Corporation. The complaint raises claims of alleged wrongful use and misappropriation of ATCO's trade secrets and confidential information. Currently pending is defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure [Court File #4]. For the reasons that follow, that motion will be granted in part and denied in part.

## I.

### *Factual Background*

The following factual allegations are considered in the light most favorable to the plaintiff.

ATCO Manufacturing Company is a Georgia corporation which formerly employed defendant Mary Lou Caldwell. While ATCO's employee, Caldwell signed an employment agreement in which she agreed not to solicit ATCO's customers or disclose ATCO's trade secrets and confidential information following the termination of her employment. Her contract provided that, for a period of 24 months following the termination of her employment with ATCO for any reason, she would not, either directly or indirectly, solicit any customers with whom she had had material contact with a view to selling them any items competitive to a list of restricted products. Pursuant to the agreement, Caldwell had "material contact" with a customer if she sold at least $100 of "restricted products" and was entitled to a commission from the sale within the 12 month period immediately proceeding the date of termination. Caldwell also agreed not to misappropriate or disclose confidential information or trade secrets of ATCO.

On June 9, 2006, Caldwell terminated her employment with ATCO and thereafter became employed by defendant Share Corporation (Share). ATCO and Share have previously been in litigation regarding Share's alleged interference with ATCO's employee agreements. Specifically, ATCO sued Share in the United States District Court for the Western District of Virginia asserting similar claims arising out of Share's employment of another former ATCO employee. The prior litigation was settled pursuant to a settlement agreement in which Share agreed "not to solicit employees or independent contractors of ATCO, directly or indirectly, so as to hire them or to cause them to end their employment or their relationships with ATCO or to cause them to compete with ATCO in any manner, for a period of two years beginning March 4, 2005."

Plaintiff contends that Share has nonetheless continued to hire ATCO employees and has willfully and deliberately induced no fewer than six additional employees, including Caldwell, to breach their employment agreements and/or has aided and abetted the breach of these former employees' agreements with ATCO.

Plaintiff contends that Share and Caldwell have solicited ATCO customers in violation of ATCO's employment agreements by attempting to sell products competitive with ATCO's list of restricted products to ATCO customers. In

3

addition, plaintiff claims that Share and Caldwell have used and misappropriated ATCO trade secrets and confidential information.

On January 25, 2007, ATCO filed its complaint in this action asserting the following claims:

> Count I: Breach of contract against Caldwell based upon her breach of the non-solicitation and confidentiality provisions in her employment agreement;
>
> Count II: Misappropriation of trade secrets against both Share and Caldwell pursuant to the Tennessee Uniform Trade Secrets Act (TUTSA), T.C.A. §§ 47-25-1701, *et seq.*;
>
> Count III: Conversion against Caldwell based on her failure to return confidential information and trade secrets;
>
> Count IV: Tortious interference with contract against Share based on its willful inducement of the breach of the non-solicitation and confidentiality provisions of ATCO's employment agreements by soliciting ATCO customers and misappropriating ATCO confidential information and trade secrets;
>
> Count V: Breach of contract against Share based on its violation of its settlement agreement with ATCO with regard to soliciting and hiring ATCO's employees;
>
> Count VI: Unfair competition and tortious interference with business relations against Share and Caldwell based upon the defendants' use of ATCO's trade secrets and confidential information and their solicitation of ATCO customers; and

> Count VII: Unjust enrichment against Share and Caldwell based on the alleged willful and wrongful use of ATCO's trade secrets and confidential information.

Defendants have moved to dismiss certain of ATCO's claims as pre-empted by the TUTSA, as well as the conversion and unjust enrichment claims, for failure to state a claim upon which relief can be granted.

## II.
### *Standard for 12(b)(6) Motion*

A 12(b)(6) motion does not attack the merits of the case - it merely challenges the pleader's failure to state a claim properly. 5 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure*, § 1364 at 340 (Supp. 1987). In deciding a 12(b)(6) motion, the court must determine whether plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

The complaint must in essence set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. *Jenkins v. McKeithen*, 395 U.S. 411 (1969). Conclusory allegations are not

5

acceptable, however, where no facts are alleged to support the conclusion or where the allegations are contradicted by the facts themselves.  *Vermilion Foam Products Co. v. General Electric Co.*, 386 F.Supp. 255 (E.D. Mich. 1974).  The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

III.

***TUTSA Preemption***

The TUTSA was adopted in 2000 to establish a comprehensive statutory scheme to govern the definition of trade secrets and to protect against their misappropriation.  *Hauck Mfg. Co. v. Astec Indus., Inc.*, 375 F.Supp.2d 649, 654 (E.D. Tenn. 2004).  The TUTSA also displaces "conflicting tort, restitutionary, and other laws of [Tennessee] providing civil remedies for misappropriation of a trade secret."  T.C.A. § 47-25-1708(a) (2000).  The TUTSA does not preempt, however, "[c]ontractual remedies, whether or not based upon misappropriation of a trade secret" or "[o]ther civil remedies that are not based upon misappropriation of a trade secret."  *Id.*  TUTSA preempts only conflicting common law claims, but does not displace common law claims which compliment or co-exist with the statute.  *Party Light Gifts, Inc. v. Swiss Colony Occasions*, 2006 WL 2370338 (E.D. Tenn. at *3).

6

In *Hauck*, this court concluded that the "same proof" preemption standard would apply in Tennessee. Under the "same proof" standard, "a claim will be preempted when it necessarily rises or falls based on whether the defendant has found to have 'misappropriated' a 'trade secret.'" *Id.* at 658. Stated another way, if proof of a non-TUTSA claim would simultaneously establish a claim of misappropriation of trade secrets, it is preempted irrespective of whatever surplus elements or proof were necessary to establish it. *Id.* Accordingly, "[i]f a proven claim, whether in whole or in part, constitutes misappropriation of a trade secret, it is that and that alone." *Id.*

IV.

***Analysis***

Plaintiff concedes that Count III (conversion) and Count VII (unjust enrichment) are preempted by TUTSA and will be dismissed.

Counts I (breach of contract against Caldwell), II (misappropriation of trade secrets against both defendants pursuant to TUTSA), and V (breach of contract against Share based upon alleged violation of the settlement agreement) are not affected by the pending motion and will remain as pled.

7

Count IV of the complaint pertains to Share's alleged tortious interference with ATCO's rights under the non-solicitation provisions of the employee agreements and therefore is not preempted by TUTSA. Accordingly, that claim will not be dismissed.

Count VI alleges unfair competition and tortious interference with business relations against both defendants based upon the defendants' alleged use of ATCO's trade secrets and confidential information and their solicitation of ATCO customers. To the extent that Count VI alleges misuse of ATCO's trade secrets, it is preempted by TUTSA and that claim will be dismissed.

V.

*Conclusion*

In light of the foregoing, defendants' motion to dismiss [Court File #4] will be granted in part and denied in part as follows:

(1) Counts III (conversion) and VII (unjust enrichment) will be dismissed in their entirety;

(2) To the extent that Counts IV (tortious interference with employment contracts) and VI (unfair competition and tortious interference with business relations) address misappropriation of trade secrets or

8

confidential information, the motion to dismiss will be granted; and

(3) In all other respects, the motion will be denied.

Order accordingly.

                                            *s/ James H. Jarvis*
                                          UNITED STATES DISTRICT JUDGE